## WALKER et al. v. FORT WORTH INSUR-ANCE UNDERWRITERS' ASS'N et al.

### No. 13182.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 21, 1934.

Rehearing Denied Feb. 1, 1935.

Alexander & Bird, of Fort Worth, for appellants.

Cantey, Hanger & McMahon, of Fort Worth, for appellees.

LATTIMORE, Justice.

This is an appeal from an order dissolving a temporary injunction granted to appellants, plaintiffs below, who are a partnership of four persons operating in Forth Worth a fire insurance agency, soliciting for various insurance companies business in insuring property against loss from fire or casualty. Two of the partners are also stockholders in Miller's Mutual Fire Insurance Company. The appellee Fort Worth Association is an association of those engaged in the same business in Forth Worth, and includes the great majority of those engaged in such business in Fort Worth, and appellee Texas Association is a similar organization covering the entire state. Two years ago appellees adopted a by-law that no underwriter who is an agent of a mutual insurance company could belong to appellee associations. Appellants thereupon ceased to represent Miller's Mutual Fire Insurance Company and all other mutual companies.

In February, 1934, the appellee adopted two additional by-laws. One was that membership in appellee is "limited to local fire and casualty insurance agents representing and placing business in stock insurance companies only, whose members have no financial interest, association or affiliation with any company, firm or association writing fire, casualty or surety insurance in other than stock insurance companies." By this rule appellants ceased to be eligible to membership in appellee, and were therefore dropped from membership.

The other by-law was: "The following shall be ineligible to membership towit: (a) Those who are agents of any fire, casualty or surety insurance company, including underwriters of same, who has or whose General Agent or Manager has agents within the membership jurisdiction of this Exchange

662

and who are not members of this Exchange." By this by-law all of the members of appellee were bound to not give any business to any company which accepted business from appellant.

Appellant filed this suit alleging that it had, in twenty years' existence, built an excellent business and reputation in underwriting fire insurance, and was by contract the representative in Fort Worth of twenty-one insurance companies; that these by-laws were designed to destroy the business of appellant and were a part of the scheme of appellees to force the appellant to dissolve or else force Glen Walker and Collett to dispose of their interest in and connection with the Miller's Mutual Insurance Company; that the placing of the property fire insurance of Fort Worth is almost wholly in the hands of the local underwriters, and that the purpose and effect of this by-law was to enforce a boycott of appellant by the stock companies writing property insurance; that the appellee in 1934 was circulating false statements to those in the property insurance business, to the effect that appellant was continuing to represent both stock and mutual insurance companies, and that thereby three stock insurance companies had withdrawn their agency from appellant, and that the adoption of the by-laws in 1934, as above quoted, has compelled six stock companies to withdraw their agencies from appellant, and that the conduct above outlined will, if not enjoined, bring about the withdrawal from appellant of all stock company agencies and will destroy appellant's business. A temporary injunction was granted which, without quoting it at length, substantially enjoined appellees from carrying out the acts and conduct above outlined. Appellees moved to dissolve and evidence was heard by the trial court and the temporary injunction dissolved, from which appellants appeal.

So much of the above injunction as restrained the appellees from circulating false statements about appellant is not opposed in briefs of appellees, and, since the evidence sustained the allegations of the petition in that regard, the action of the trial court to that extent was error.

Appellees are voluntary private associations, and are within their rights as such to set up qualifications for membership which exclude from their association any one who has an interest in or represents a mutual association.

They do not have the right to enforce upon their membership rules of business which have as their primary purpose forcing upon those with whom the members do business the boycotting of those ineligible to membership, or binding the members to withdraw their business from any one doing business with appellant. In the calamitous times of the last few years we have seen apparent executive approval of conduct which leaned far away from the above rule. Perhaps the emergencies justified it. The supreme test of the ability of a people to govern themselves is to know what justifies breaking the laws established. Usually the result is breaking them without justification. At any rate, our holding in this appeal has always been the law, and, as far as we are concerned, still is.

To the extent that the injunction forbidding the circulation of the statements that the appellant represents mutual companies and/or that some of appellant's partners have withdrawn from appellant, and/or that the enforcement, of and/or abiding by the by-law quoted last above in our opinion, and there labeled (a), was dissolved, the judgment of the trial court is set aside, and the temporary injunction to that extent is continued in force. In other respects, the order of dissolution is affirmed, all at the cost of appellees. This judgment will be certified to the trial court for observance.